# Court of Appeals
# of the State of Georgia

ATLANTA, April 17, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0769. IN RE: ESTATE OF JACK WILLIAMS, DECEASED.**

In this estate administration proceeding, the probate court issued a final order on September 3, 2025, granting the estate representative's petition for leave to sell certain real property. On September 10, 2025, Crandall Postell, a great-grandchild of the decedent, filed a timely pro se notice of appeal. See OCGA § 5-6-38(a). We lack jurisdiction.

Postell was represented by attorney Daniel Wilder throughout the probate court proceedings. And the record on appeal contains no indication that the probate court issued an order permitting Wilder's withdrawal.[1] A layperson may not represent himself and also be represented by an attorney. *Romich v. All Secure, Inc.*, 361 Ga. App. 505, 505 (863 SE2d 179) (2021). And "a formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal." Id. (quotation marks omitted). Consequently, Postell's pro se notice of appeal is a nullity, as he was represented by counsel when he filed it. See *Weinstock v. Small*, 378 Ga. App. 319, 320 (925 SE2d 760) (2026) ("[A] pro se notice of appeal filed by a represented party in a civil case[ ] is a legal nullity and does not confer appellate jurisdiction to this Court."); *Romich*, 361 Ga. App. at 505 (dismissing appeal because the appellant's pro se notice of appeal, filed while she was represented by counsel, was

---

[1] In his notice of appeal, Postell instructed the probate court clerk to "to submit all documents extant in the record including all pleadings, discovery, motions, and responses contained in the record of the Court." No withdrawal order appears in these filings.

a nullity); *In the Interest of N. C.*, 358 Ga. App. 379, 379 (855 SE2d 379) (2021) (same). We therefore lack jurisdiction to consider this pro se appeal, which is hereby DISMISSED. See *Weinstock*, 378 Ga. App. at 320; *Romich*, 361 Ga. App. at 505; *In the Interest of N. C.*, 358 Ga. App. at 379.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/17/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*